FILED

2013 APR 15   PM 1: 28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1  FRED R. PUGLISI, Cal. Bar No. 121822
   VALERIE E. ALTER, Cal. Bar No. 239905
2  ELIZABETH S. BERMAN, Cal. Bar No. 252377
   JAY T. RAMSEY, Cal. Bar No. 273160
3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
4      Including Professional Corporations
   1901 Avenue of the Stars, Suite 1600
5  Los Angeles, California 90067-6055
   Telephone:  310.228.3700
6  Facsimile:  310.228.3701
   fpuglisi@sheppardmullin.com
7  valter@sheppardmullin.com
   eberman@sheppardmullin.com
8  jramsey@sheppardmullin.com

9  Attorneys for Defendant,
   W.W. GRAINGER, INC.

10

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13                                    '13 CV 0 8 9 5 AJB BGS

14  KENNETH STEELE, individually and    Case No.
    on behalf of all others similarly situated,
15                                       **CLASS ACTION**
              Plaintiffs,
16                                       **(1)  DEFENDANT W.W.**
          v.                                  **GRAINGER, INC.'S NOTICE**
17                                            **OF REMOVAL OF ACTION;**
    W.W. GRAINGER, INC., an Illinois          **AND**
18  Corporation,
                                         **(2)  DECLARATION OF SHERI**
19            Defendant.                      **MELLO IN SUPPORT**
                                              **THEREOF.**
20

21                                       Compl. Filed:    March 14, 2013
                                         Compl. Served:   March 15. 2013
22

23

24

25

26

27

28

SMRH:408268698.1                                    NOTICE OF REMOVAL

VIA FAX

TO THE ABOVE-CAPTIONED COURT AND TO PLAINTIFF KENNETH STEELE AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendant W.W. Grainger, Inc. ("Grainger") hereby provides notice of the removal to the United States District Court for the Southern District of California of the following lawsuit filed on March 14, 2013, in the San Diego County Superior Court: *Steele v. W.W. Grainger, Inc.*, Case No. 37-2013-00039277-CU-MC-CTL. The following is a short, plain statement of the grounds for removal. *See* 28 U.S.C. § 1446(a).

## I.

## DESCRIPTION OF THE ACTION

On March 14, 2013, Plaintiff Kenneth Steele ("**Plaintiff**") filed a complaint against Grainger in San Diego County Superior Court (the "**State Court Action**"). The claims asserted against Grainger arise out of Grainger's alleged recording of telephone conversations without consent made between Plaintiff and Grainger. The complaint does not specify who initiated the alleged calls or the phone number at Grainger to which, or from which, the calls were made. The Complaint alleges a single claim for violation of Penal Code § 630 *et seq.* Plaintiff purports to act on behalf of a putative plaintiff class of "[a]ll natural persons who, while residing in and physically present in the State of California, and during the applicable statute of limitations: (1) participated in at least one telephone communication with a live representative of defendants that was recorded by defendants; (2) were not notified by defendants that their telephone communication was being recorded; and (3) are identifiable through records held by defendants and/or third parties." [Complaint ¶ 9.] The Complaint alleges that Grainger "routinely recorded incoming and outgoing telephone communications with customers who resided in and were

-1-

NOTICE OF REMOVAL

1  physically present in the State of California without notifying the customers that the

2  communications were being recorded." [Complaint ¶ 6.] The Complaint seeks (1)

3  injunctive relief prohibiting the alleged misconduct; (2) an award of statutory

4  damages of $5,000 per violation pursuant to section 637.2(a) of the Penal Code; and

5  (3) for attorneys' fees and costs of suit. The nature of the action is more fully stated

6  in the Complaint, a copy of which is attached hereto as part of **EXHIBIT A.**

7

8      Grainger was served with the Summons and Complaint on March 15, 2013,

9  and there are no other named defendants whose consent would be required for

10 removal. *See* 28 U.S.C. § 1453(b). This Court has jurisdiction over this proceeding

11 pursuant to 28 U.S.C. § 1332(d) (the 2005 Class Action Fairness Act).

12

13                                     **I.**

14               **BASIS FOR REMOVAL (DIVERSITY JURISDICTION)**

15 **A.     Diversity Of Citizenship Exists**

16     The 2005 Class Action Fairness Act provides that "[t]he district courts shall

17 have original jurisdiction of any civil action in which the matter in controversy

18 exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is *a*

19 *class action in which (A) any member of a class of plaintiffs is a citizen of a State*

20 *different from any defendant . . . .*" 28 U.S.C. § 1332(d)(2)(A) (emphasis added).

21 Thus, only minimal diversity is required; it is sufficient if the plaintiff and only one

22 defendant are citizens of different states.

23

24     Minimal diversity is met here. This action is between citizens of different

25 States. Plaintiff alleges that Plaintiff is a citizen of the State of California and

26 purports to represent a class of "all persons residing in and physically present in the

27 State of California." [Complaint ¶¶ 1, 9 (**EXHIBIT A** hereto).] As of the time of

28

-2-

1  filing this Notice of Removal, Grainger is informed and believes that Plaintiff

2  remains a citizen of the State of California.  Further, as of the time of filing of this

3  action and today, Grainger is an Illinois Corporation with its principal place of

4  business in Lake Forest, Illinois.  [*See* Complaint ¶ 2; Declaration of Sheri Mello

5  ("Mello Decl.") ¶ 2.]  The first requirement for diversity jurisdiction is thus satisfied

6  because Plaintiff and Grainger are citizens of different states.  *See* 28 U.S.C. §§

7  1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it

8  has been incorporated and of the State where it has its principal place of

9  business...."); and 1332(d)(2)(A).

10

11  **B.     The Amount In Controversy Exceeds $5,000,000.**

12        In the removal context, the assessment of whether the amount-in-controversy

13  requirement is satisfied "is not confined to the face of the complaint."  *Valdez v.*

14  *Allstate Insurance Company*, 372 F.3d 1115, 1117 (9th Cir. 2004).  The appropriate

15  measure of the jurisdictional amount in controversy is "the litigation value of the

16  case assuming that the allegations of the complaint are true and assuming a jury

17  returns a verdict for the plaintiff on all claims made in the complaint."  *Jackson v.*

18  *American Bankers Insurance Co. of Florida,* 976 F. Supp. 1450, 1454 (S.D. Ala.

19  1997), citing *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994).

20  It is not determined by "the low end of an open-ended claim," but by "a reasonable

21  reading of the value of the rights being litigated."  *Angus v. Shiley, Inc.,* 989 F.2d

22  142, 146 (3d Cir. 1993); *see also Hart v. Washington State Apple Advertising*

23  *Commission,* 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1977).

24

25        The amount-in-controversy requirement is met here because the aggregate

26  amount in controversy for the alleged class exceeds the $5 million threshold for

27  diversity jurisdiction under 28 U.S.C. § 1332(d).  The Complaint defines the

28

-3-

NOTICE OF REMOVAL

1   putative class as "[a]ll natural persons who, while residing in and physically present
2   in the State of California, and during the applicable statute of limitations: (1)
3   participated in at least one telephone communication with a live representative of
4   defendants that was recorded by defendants; (2) were not notified by defendants that
5   their telephone communication was being recorded; and (3) are identifiable through
6   records held by defendants and/or third parties." [Complaint ¶ 9.]  The Complaint
7   further alleges that Grainger "routinely recorded incoming and outgoing telephone
8   communications with customers who resided in and were physically present in the
9   State of California without notifying the customers that the communications were
10  being recorded." [Complaint ¶ 6.]  And the Complaint seeks the "statutory damages
11  of $5,000 per recorded communication pursuant to Cal. Penal Code section
12  637.2(a)." [Complaint ¶ 19 (emphasis added).]
13
14      For the amount in controversy to be at least $5 million, Grainger would have
15  to have recorded over 1,000 calls with a resident from California, whether inbound
16  or outbound ($5,000 * 1,000 calls = $5 million).  In the year preceding the filing of
17  the Complaint, Grainger recorded in excess of 1,000 inbound calls from area codes
18  located within the State of California. [Mello Decl. ¶¶ 3-4.]  Thus, "assuming that
19  the allegations of the complaint are true and assuming a jury returns a verdict for the
20  plaintiff on all claims made in the complaint," *Jackson*, 976 F. Supp at 1454, the
21  aggregate amount in controversy for the class would exceed $5 million.
22
23      As a result, both of the predicates for diversity jurisdiction under 28 U.S.C. §
24  1332(d)—diversity of citizenship and more than $5 million in controversy—exist,
25  and jurisdiction is proper in this Court.
26
27
28

-4-

SMRH:408268698.1                                        NOTICE OF REMOVAL

## II.

## THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

Based on the foregoing, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d), and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of the Complaint and all other papers served on Grainger in the State Court Action as of the filing of this Notice of Removal are attached hereto as **EXHIBIT A.**

This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days after Defendants were served with a copy of the initial pleading in this action.  There are no other named defendants whose consent would be required for removal.

## III.

## CONCLUSION AND REQUESTED RELIEF

For all of the reasons set forth above, Grainger respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Dated:  April 15, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____/s/ Fred R. Puglisi_____
FRED R. PUGLISI
Attorneys for Defendant
W.W. GRAINGER, INC.

SMRH:408268698.1                                        NOTICE OF REMOVAL