UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH STEELE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>W.W. GRAINGER, INC., an Illinois Corporation,<br><br>Defendant. | Case No. 13cv895 AJB (BGS)<br><br>ORDER:<br><br>(1) GRANTING PLAINTIFF'S MOTION TO REMAND, (Doc. No. 18); AND<br><br>(2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS, (Doc. No. 9). |

Presently before the Court are Defendant W.W. Grainger, Inc.'s ("Grainger") motion to dismiss, (Doc. No. 9), and Plaintiff Kenneth Steele's ("Plaintiff") motion to remand, (Doc. No. 18). Both motions are opposed. In accordance with Civil Local Rule 7.1.d.1, the Court finds the motions suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for June 27, 2013 regarding Plaintiff's motion to remand, and the motion hearing scheduled for July 11, 2013 regarding Grainger's motion to dismiss, are hereby vacated. (Doc. Nos. 12, 19.) For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand, (Doc. No. 18), and DENIES AS MOOT Grainger's motion to dismiss, (Doc. No. 9). The Clerk of Court is instructed to remand this action to San Diego Superior Court.

## BACKGROUND

On March 14, 2013, Plaintiff filed a class action complaint against Grainger in San Diego Superior Court (hereinafter, "the Complaint"). (Doc. No. 1, Ex. 1.) The Complaint alleges that Plaintiff had one or more telephone communications with Grainger, and that Grainger secretly recorded these communications, and other communications with California Grainger customers, in violation of California Penal Code §§ 632 and 632.7. (*Id*. at ¶ 5.) The Complaint further alleges that during the twelve-month period preceding the filing of the Complaint, Grainger routinely recorded both incoming and outgoing telephone communications with customers who resided in and were physically present in the State of California, even though Grainger did not notify or inform these individuals that the communications would be recorded. (*Id*. at ¶ 6.) As a result, the Complaint seeks statutory damages for the class in the amount of $5,000.00 per recorded violation pursuant to California Penal Code § 637.2(a), injunctive relief, costs of suit, and pre-judgment interest.[1] (*Id.* at ¶ 19.)

Grainger was served with a copy of the summons and Complaint on March 15, 2013. Thereafter, Grainger timely removed the action to this Court pursuant to the 2005 Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Doc. No. 1.) Seven days later, Grainger filed a motion to dismiss, accompanied by a request for judicial notice. (Doc. Nos. 9, 10). In support of its motion to dismiss, Grainger attached the declaration of Mike Tiernan ("Tiernan"), wherein Tiernan declared that Grainger's telephone system plays an automated warning for all inbound calls, notifying callers that the call will be recorded. (Doc. No. 9, Ex. 3, Tiernan Decl. ¶ 4.) On May 3, 2013, after the parties met and conferred, Grainger filed a notice of errata and a supplement to the Tiernan declaration. (Doc. No. 15.) In his supplemental declaration, Tiernan stated that due to a mistake

---

[1] The Complaint defines the proposed class as follows: "All natural persons who, while residing and physically present in the State of California, and during the applicable statute of limitations: (1) participated in at least one telephone communication with a live representative of defendants that was recorded by defendants; (2) were not notified by defendants that their telephone communication was being recorded; and (3) are identifiable through records held by defendant and/or third parties." (Compl. ¶ 9.)

in programming, certain inbound calls made to 1-800-Grainger from certain area codes between November 19, 2013 and April 29, 2013 (161 days) did not receive the automated warning. (Doc. No. 15, Ex. A, Tiernan Supp. Decl. ¶ 4.) The Supplemental Tiernan declaration also stated that no other calls were affected as a result of the mistake. (*Id*. at ¶ 5.) Thus, inbound calls to 1-800-Grainger from other area codes, and all inbound calls to a Grainger branch store (not 1-800-Grainger) would still have received the automated warning. (*Id.*)

Less than a month later, on May 14, 2013, Plaintiff filed the instant motion to remand, wherein Plaintiff argues that Grainger has failed to prove by a preponderance of the evidence that the amount in controversy meets or exceeds $5,000,000. (Doc. No. 18.) As of the date of this order, both motions have been fully briefed and are presently before the Court.

## DISCUSSION

### I.  Motion to Remand

Grainger contends the Court has jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). However, as stated below, because the Court finds Grainger has failed to prove by a preponderance of the evidence that the amount in controversy requirement has been met, the Court lacks jurisdiction over the matter. Accordingly, the Court does not address the merits of Grainger's motion to dismiss. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868)) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *Kokkonen v. Guardian Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994) ("Federal courts are courts of limited jurisdiction.").

### A.  Legal Standard Governing Removal

The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal

statute, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1441(a) and (b); 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "[J]urisdiction in a diversity case is determined at the time of removal." *Am. Dental Indus., Inc. v. EAX Worldwide, Inc.*, 228 F. Supp. 2d 1155, 1157 (D. Or. 2002) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938) ("The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction . . . Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction")).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

  **B.** **Jurisdiction Under the Class Action Fairness Act ("CAFA") and the Preponderance of the Evidence Standard**

As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with "original jurisdiction of any civil action in which: (1) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" (2) the aggregate number of proposed plaintiffs is 100 or greater; and (3) any member of the plaintiff class is a citizen

of a state different from any defendant (minimal diversity). 28 U.S.C. § 1332(d). The Ninth Circuit has recently affirmed that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Lowdermilk v. U.S. Bank Ass'n,* 479 F.3d 994, 997 (9th Cir. 2007) (citing *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam)); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) (holding that the proponent of federal jurisdiction bears the burden of proving jurisdiction); *Morgan v. Gay*, 471 F.3d 469, 472-73 (3d Cir. 2006) (holding that under CAFA, the party seeking removal bears the burden of establishing the requisite amount in controversy). Under CAFA, "where the plaintiff has pled an amount in controversy less than $5,000,000, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." *Lowdermilk*, 479 F.3d at 1000. However, if a plaintiff's "complaint is unclear [regarding] 'a total amount in controversy,' the proper burden of proof . . . is proof by a preponderance of the evidence." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

Here, the Complaint does not allege a specific amount of damages, and the parties do not dispute that the preponderance of the evidence rather than the legal certainty standard applies. (Doc. No. 18 at 4; Doc. No. 20 at 4.) Thus, Grainger must prove by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.[2] *See Abrego Abrego*, 443 F.3d at 685 (finding that when a plaintiff fails to plead a specific amount of damages, the defendant seeking removal "must prove by a preponderance of the evidence that the amount in controversy requirement has been met") ((citing *Gaus*, 980 F.2d at 566); *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 599-600 (9th Cir. 2011) ("Because neither the size of the proposed class nor the total amount in controversy was apparent from the face of the class complaint, CMS need only show by a preponderance of the evidence that Grant's action

---

[2] The parties also do not dispute that the number of plaintiffs in this action exceeds 100 and that the citizenship of the parties is minimally diverse.

places more than $5,000,000 in controversy and implicates a class with greater than 100 members.').

The preponderance of the evidence standard means that the "defendant must provide evidence establishing that it is '*more likely than not*' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (emphasis added) (citation omitted).  This burden is not "daunting," and the removing defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994). Nevertheless, a court "cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture." *Lowdermilk*, 479 F.3d at 1002.  Rather, a defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. *Gaus*, 980 F.2d at 567.  In addition to the contents of the removal petition, the court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted); *Singer*, 116 F.3d at 374 ("defense counsel submitted declarations to show that the amount in controversy exceeded $50,000").  A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered

when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

### C. Analysis

Here, Grainger attached the declaration of Sheri Mello ("Mello"), the Senior Manager of Deployment and Customer Experience at Grainger, to support its notice of removal. (Doc. No. 1, Ex. 2, Mello Decl. ¶ 1.) In her declaration, Mello states that she is responsible for the customer experience team at Grainger, and based on her responsibilities, is familiar with Grainger's voice and data department, including Grainger's business practice with respect to the recording of inbound and outbound calls received or made by Grainger. (*Id*. at ¶ 3.) Mello then states that "Grainger has received and recorded in excess of 1,000 inbound phone calls from the State of California in the past year." (*Id.* at ¶ 4.) Based on this assertion, Mello then calculates statutory damages in the amount of $5,000 per recorded phone call, equating to $5,000,000—the statutory minimum required under CAFA. (*Id*.)

In opposition, Plaintiff's argues that the Mello's declaration ignores the fact that Plaintiff only seeks relief for those calls that were recorded without the class members' consent, i.e., without notification that the call would be recorded. (Compl. ¶¶ 5, 6, 16, 17.) As a result, Plaintiff asserts that the Mello declaration fails to provide any evidence as to the number of calls that were recorded without notice or warning that the call would be recorded, as requested in the Complaint and allowable under Penal Code §§ 632 and 632.7. Moreover, Plaintiff contends that because the Tiernan Declaration and the Supplemental Tiernan Declaration—both of which were offered by Grainger as attachments to Grainger's pending motion to dismiss—declares under penalty of perjury that the only inbound calls that *did not* receive the automatic warning were calls made to 1-800-Grainger from selected area codes and only from November 19, 2012 to April 29, 2013 (161 days), Grainger has in essence supplemented its notice of removal and thereby drastically limited the amount in controversy. Therefore, in light of this new evidence—supplied by Grainger only seven days after its notice of removal—Plaintiff

argues Grainger's notice of removal is now insufficient to meet the amount in controversy requirement under CAFA.

In response, Grainger contends Plaintiff's arguments are without merit because it is well settled that removal "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). As a result, Grainger argues that based on Plaintiff's assertions that: (1) Grainger "routinely" records customer calls without notice; and (2) Plaintiff and other putative class members are "entitled to statutory damages of $5,000 per recorded communication," all Grainger was required to show to meet the amount in controversy requirement under CAFA was that Grainger recorded more than 1,000 calls during the class period. Therefore, Grainger contends Plaintiff cannot use the fact that seven days after Grainger filed its notice of removal it filed a motion to dismiss, whereby Grainger attached a declaration stating that an automated warning was played to most, if not all inbound calls made during the class period. Grainger asserts allowing such evidence would require Grainger to prove it is liable for the violations alleged in the Complaint and is contrary to clearly established law.

Although Grainger is correct that amendments to a complaint post-dating the notice of removal do not alter a removing defendants burden, in that a plaintiff cannot later lower the amount of monetary relief requested in an attempt to evade federal jurisdiction, Grainger's arguments that the Court should not consider declarations and documents filed *by Grainger*, seven days after its notice of removal, are also without merit.[3] It is well settled that in addition to the contents of the removal petition, a district court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez*, 372 F.3d at 1117. The same is also true with respect to judicial admissions, *Singer*, 116 F.3d at

---

[3] *St. Paul Mercury Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S. Ct. 586 (1038) (stating that district court jurisdiction is not defeated where plaintiff reduces the claim below the requisite amount by stipulation, affidavit, or amendment after removal).

376-77 (holding that a judicial admission may establish the amount in controversy), and documents filed by the removing party after the notice of removal, *Willingham v. Morgan*, 395 U.S. 402, 407 n.3, 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1969) (stating that "it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits"); 28 U.S.C. § 1653. Thus, the Court may properly consider the Tiernan declaration and the supplemental Tiernan declaration in accessing whether Grainger has proved by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

The Court also finds the cases cited by Grainger inapposite. For example, Grainger relies heavily on *Lewis v. Communications, Inc.*, 627 F.3d 395 (9th Cir. 2010). However, *Lewis* explicitly states that: "The law in our circuit is articulated a little differently from that of others, in that we expressly contemplate the district court's consideration of some evidentiary record." 627 F.3d at 400. Thus, because there is evidence in this case, which was presented *by Grainger*, that it is "legally impossible for the plaintiff to recover that much," Grainger has failed to present sufficient evidence to meet the minimum amount in controversy requirement under CAFA. *Id.* at 401 ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

Therefore, although Grainger adamantly tries to argue that removal is based on the pleadings at the time of removal, and not based on subsequent amendments or statements by a plaintiff attempting to reduce the potential award, here, Plaintiff has not amended the Complaint, nor alleged a different recoverable amount. Instead, *it is Grainger* that has stated, under penalty of perjury, that most if not all inbound calls made during the relevant class period received an automated warning, thereby inferring that it is "legally impossible" for Plaintiff to recover for the majority of the class period. *Lewis*, 627 F. 3d at 401. Thus, based on evidence submitted by Grainger, in the form of a declaration and supplemental declaration from Tiernan, a Voice Services Specialist employed by

Grainger, most if not all inbound calls during the class period received an automated message notifying customers that the call would be recorded. Accordingly, the Court finds Grainger has not shown, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000 and GRANTS Plaintiff's motion to remand.

## CONCLUSION

For the reasons stated above, the Court finds Grainger has failed to prove that this Court has jurisdiction over the action pursuant to CAFA, 28 U.S.C. § 1332(d). As a result, this Court lacks jurisdiction to adjudicate Grainger's pending motion to dismiss. Accordingly, this action is hereby REMANDED to San Diego Superior Court, (Doc. No. 18), and Grainger's motion to dismiss is DENIED AS MOOT, (Doc. No. 9).

IT IS SO ORDERED.

DATED: June 10, 2013

*[signature]*
Hon. Anthony J. Battaglia
U.S. District Judge